UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON WYATT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:18 CV 1858 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Movant Brandon Wyatt seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Wyatt was sentenced to a term of 37 months imprisonment followed by three years of supervised release following his plea of guilty to one count of possessing a firearm as a previously convicted felon and one count of possession of a controlled substance with intent to distribute. *United States v. Wyatt*, Case No. 4:17CR085 CDP. Wyatt did not appeal his sentence or conviction.

Wyatt raises Fourth and Fifth Amendment challenges to the search of his vehicle and his initial post-arrest interrogation. Specifically, Wyatt contends that police officers asked him to get out of his car and unlawfully searched his vehicle without his consent, during which they found the firearm and controlled substances

for which he was charged. After his arrest, Wyatt alleges that he was not advised of his *Miranda* rights before participating in an initial unrecorded interview, and that a detective continued to question him after he had invoked his right to counsel. Wyatt argues that his statements were thus procured in violation of his Fifth Amendment rights. Finally, Wyatt implies that he received ineffective assistance of counsel because his attorney allegedly failed to adequately investigate his claims regarding the search of his vehicle and failed to press his claims relative to the alleged denial of counsel in a motion to suppress which was filed and withdrawn before Wyatt plead guilty.

Wyatt's constitutional claims are procedurally defaulted and his implied ineffective assistance of counsel claim is conclusively refuted by the record, and so I will deny Wyatt's motion without a hearing.

## Discussion

### A. No Evidentiary Hearing is Required

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). No hearing is required

Case: 4:18-cv-01858-CDP Doc. #: 11 Filed: 04/08/21 Page: 3 of 10 PageID #: 53

when the claim is inadequate on its face, or the record affirmatively refutes the factual assertions upon which the claim is based. *Id*. Wyatt's challenges to his pre-arrest search and initial interrogation are procedurally defaulted and thus facially inadequate, and all of his claims, including his implied ineffective assistance claim, are affirmatively refuted by the record. Accordingly, I find that no evidentiary hearing is required.

### B. Wyatt's Constitutional Claims are Procedurally Defaulted

Wyatt challenges the search of his vehicle and his post-arrest questioning. Wyatt contends that the unlawfully obtained physical and testimonial evidence should have been suppressed, and that if this evidence had been properly excluded, his charges would have been dropped, necessitating the vacation of his sentence.

A collateral attack under § 2255 is not a proper substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). As the Eighth Circuit recently recognized:

> There are strict limits, however, on when a guilty plea may be attacked on collateral review under § 2255. Ordinarily, where a defendant does not challenge his guilty plea on direct appeal, he may not do so in a collateral attack. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."

*Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation omitted)). As noted above,

3

Wyatt plead guilty and did not file an appeal of his sentence or conviction raising the claims presented in his motion; accordingly, his claims are procedurally defaulted and must be dismissed.

There are narrow exceptions under which procedurally defaulted claims may proceed under collateral review. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424 (1962). A defaulted claim may proceed if the movant can show both 1) a "cause" that excuses the default, and 2) "actual prejudice" resulting from the errors of which he complains. *See Frady*, 456 U.S. at 164; *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). If the movant fails to show cause for his failure to appeal —that is, ". . . something *external* to the movant, something that cannot be fairly attributed to him"—then the Court need not evaluate whether actual prejudice exists. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *McClesky v. Zant*, 499 U.S. 467, 501 (1991). Additionally, procedurally defaulted claims may be collaterally attacked where the movant claims "actual innocence," which in context means "factual innocence, not mere legal insufficiency." *Silk*, 523 U.S. at 683. Neither exception applies here.

As for the first exception, Wyatt waived his right to appeal "all non-jurisdictional, non-sentencing issues, including but not limited to, any issues relating to pretrial motions, discovery and the guilty plea," and so he has not

4

shown cause to excuse his procedural default. Case No. 4:17CR085 CDP, ECF 33 at ¶ 7(A)(i). Before pleading guilty, Wyatt had filed a motion to suppress raising the claims he raises here; however, Wyatt subsequently sought to withdraw the motion, and after extensive questioning, the Magistrate Judge who presided over his waiver hearing found that Wyatt "knowingly, intelligently, and voluntarily" waived his right to file any pretrial motions. Waiver Hearing Transcript pg. 6. Wyatt stated during the hearing that he understood that if he waived his right to file pretrial motions, he would not be able to later raise those issues—including the issues raised in his withdrawn motion to suppress—under any circumstances, including via collateral review. *Id*. at pg. 4-5. "Because movant waived his right to have a hearing on any pretrial motions and the Magistrate Judge found that the movant's waiver was knowing and voluntary, he cannot claim that his constitutional rights were violated by the admission of his statements." *Stolts v. United States*, No. 4:09-CV-1195 CAS, 2010 WL 1257681, at *5 (E.D. Mo. Mar. 25, 2010) (citing *United States v. Garrido,* 995 F.2d 808, 814–15 (8th Cir. 1993)). Likewise, because Wyatt has not presented a valid, external cause for his failure to appeal the issues raised the instant motion, his claims must be dismissed, and I need not evaluate whether he was prejudiced by the alleged constitutional errors in his prosecution.

5

Moreover, Wyatt does not claim actual innocence for his offenses. Wyatt admits that he purchased the firearm which was found in his possession, and that the controlled substances for which he was charged were seized from his vehicle's center console. ECF 1 at pg. 8-9. Accordingly, because Wyatt's claims are procedurally defaulted and no applicable exceptions can sustain his collateral attack, Wyatt's Fourth and Fifth Amendment claims are dismissed.

### C. Wyatt's Counsel Was Not Ineffective

Although Wyatt does not explicitly raise an ineffective assistance of counsel claim in his § 2255 motion, he implies that his counsel's performance was deficient because she did not present his claims regarding the alleged denial of counsel in his withdrawn motion to suppress, and because she did not subpoena the police department for videos of his arrest and initial interrogation. Because the record indisputably shows that Wyatt's counsel provided him effective assistance, I will dismiss this claim as well.

Claims alleging ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this stringent standard, the movant bears the burden of showing "that his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v.*

6

*Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (internal citation and quotation marks omitted). As summarized by the Eighth Circuit:

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *Strickland*, 46 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. *Id*. at 689. Assuming the performance was deficient, the prejudice prong "requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different."

*Id*. at 694 (internal quotation marks omitted); *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992). Failure to satisfy either prong is fatal to the claim. *See, e.g. Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Operating under the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Wyatt plainly did not receive ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. Wyatt admits in his motion and reply brief that his counsel investigated his claims relative to his allegedly unlawful arrest and interrogation; that she discussed a defense strategy with Wyatt focusing on the allegedly unlawful search of his vehicle; that she requested the alleged videos of the search and interrogation, as well as any other exculpatory evidence, be turned over to Wyatt; that she again asked the

7

government whether there was any withheld evidence at Wyatt's request; and that she drafted and filed a motion to suppress the challenged evidence on his behalf. ECF 1 at pg. 4; ECF 10 at pg. 3. While Wyatt maintains that his counsel did not pursue his allegation that he had been unlawfully denied an attorney, the motion to suppress she filed clearly included all of the claims he now raises in his § 2255 motion: "Defendant repeatedly requested to speak to counsel and was denied an opportunity to do so. . . . Defendant's Miranda warnings were given subsequent to his initial questioning." Case No. 4:17CR085 CDP at ECF 22 pg. 5. Wyatt's counsel then withdrew the motion to suppress—at his direction—after Wyatt waived his right to hold an evidentiary hearing on the motion:

    COURT: All right. But when you waive your right to file motions, that means certain issues can't—if I accept it, they're gone forever, and they are things like motions to suppress evidence, motions to suppress statements, maybe challenges to the indictment, you know, if the indictment had information that it shouldn't have had or was lacking critical information. This would be the time to bring that up. Do you understand that?

    WYATT: Uh-huh.

    COURT: That's a yes?

    WYATT: Yes.

    COURT: Okay. And I know—you did see the motions your lawyer filed on your behalf; is that right?

    WYATT: Yes.

>    COURT: So I'm going to assume that you understand the types of motions you could have filed, and having gone through the discovery, you at least discussed this in some detail with your lawyer; is that right?
>
>    WYATT: Yes, I'm aware
>
>    COURT: Okay. Now as I suggested, this is – well, let me aks you this. So it sounds like you're fully satisfied with everything your lawyerh as done for you up to this point; is that right?
>
>    WYATT: Yes.

*Wyatt*, 4:17CR085 CDP at ECF 49 pg. 4-5 ¶¶ 4-2.  In sum, Wyatt swore under oath that he had gone through the discovery in his case and discussed it in detail with his attorney, and that he was fully satisfied with everything she had done up until that point, which would include her investigation of his claims and drafting of the motion to suppress.  Wyatt had an opportunity to have an evidentiary hearing and pursue his allegations that the government unlawfully withheld or tampered with videos of his arrest and interrogation; however, he knowingly and voluntarily waived his right to do so, and he has not since offered any evidence to support these entirely unfounded allegations.  The record shows that the investigation of Wyatt's claims, preparation of a motion to suppress, and subsequent withdrawal of the motion all fell within the range of professionally competent assistance outlined in *Strickland*; accordingly, I need not evaluate any potential prejudice to Wyatt, and his ineffective assistance claim is dismissed.  *Pryor*, 103 F.3d at 713.

9

### D. I Will Not Issue A Certificate of Appealability

As Wyatt has not made a substantial showing of a federal constitutional right, this Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-32 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).  Accordingly,

**IT IS HEREBY ORDERED** that Brandon Wyatt's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Wyatt has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accord with this order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2021.